IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO.: 22-10653-G

IN RE: CURTIS PERNELL,

Petitioner.
_____/

## MOTION FOR THREE PANEL JUDGE REHEARING

COMES NOW Curtis Pernell (hereafter referred to as "Mr. Pernell" or "Petitioner") who is proceeding in this cause without the representation of counsel and respectfully invokes the rule established in *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding "*pro se* litigants to less stringent standards than those applied to attorneys") and *Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998) (same) petitioning this Honorable Court for a Three (3) Panel Judge Rehearing of the Court's Single Judge's denial of the Mandamus based on the Judge's "misconstruction of the merits" of the Mandamus as a section 2254 Motion [Habeas Corpus Petition]. Petitioner, in his mandamus (at 12) to this Court, simply cited authority, to which the Single Judge construed as a § 2254, which asserted that:

> "[T]he correction of an illegal sentence is an extraordinary cause *for which mandamus is available* ... [I]f a district court exceeds the scope of its judicial authority, *the aggrieved party should be granted the writ almost as a matter of right*. Consequently, petitions to correct illegal sentences by mandamus *have routinely been granted*." (Emphasis added) (authorities omitted)

See *United States v. Denson*, 603 F. 2d 1143, 1146-48 (5th Cir. 1981) (binding precedent in the Eleventh Circuit). Petitioner request[ed] this Court's intervention where, in this case, there is, nor can there be, any dispute as to whether the trial court imposed an illegal sentence, *beyond its judicial authority*. Thereafter, Petitioner outlined the facts to support his position. (See Mandamus at 12, ¶ 1) This Court, the Single Judge, obviously construed the above references as a section 2254 argument.

Conversely, however, Petitioner simply pointed out this Court's precedent in the event this Court chose to exercise its discretion to intervene in correcting the sentence; but the same cannot, and does not constitute a section 2254 issue simply because Petitioner pointed out the law of this circuit in providing an alternative to this Court issuing the mandamus for the lower court to "comply" with *Procup's* mandate prohibiting lower state courts from completely barring prisoners from access to the courts, an unconstitutional provision according to this Court in *Procup*, supra.

The Judge entered an order denying, in essence, the mandamus without first determining whether Mr. Pernell satisfied the criteria of section 1915(a)'s poverty requirement, based on the allegation that the mandamus is *frivolous*. As such, the single judge determined that the motion to proceed in forma pauperis was DENIED. To the extent the Judge's Order asserts that the "Court has authority to [circumvent the requirement of section 1915(a)] if it determines that … the action or appeal is

2

frivolous," (Exhibit A at 1, ℙ 2) accepting, without conceding, the correctness of this claim, the Order *mistakenly* asserts that this Court "does not have [mandamus] authority to order a state court to act [when the state court's order is in defiance of this Court's directive to ALL courts within the Eleventh Circuit]." (Exhibit A at 2, ℙ 3) For that, *inter alia*, as shown below, Rehearing by a Three Panel Judge is warranted under the doctrine of "*stare decisis*."

Importantly, the single judge, who decided this mandamus relied, mistakenly, on *United States v. Shalhoub*, 855 F.3d 1255, 1263 (11th Cir. 2017) for the proposition that "this Court may only compel *a lower federal court* to exercise its authority, and it does not have authority in mandamus to order a state court to act." (Exhibit A at 2, ℙ 3). Conversely, however, the single judge misinterprets *Shalhoub*, supra, because in that case, unlike the instant mandamus, *Shalhoub* asked this Court to "compel the lower court to rule *on the merits* of his motion." Here, this Petitioner asks only that this Court compel the lower court, who has *completely barred Petitioner from the courts*, to "*comply with this Court's mandate,* which prohibits a trial court from barring prisoners from access to the courts, to file petitions, without the service of a licensed attorney." *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986). Petitioner has been so barred by the lower court, contrary to the directives issued by this Court to lower, 11th Circuit, state courts in *Procup*, supra. (Exhibit B)

**<u>REASONS TO GRANT THE WRIT:</u>**

> **THIS COURT HAS JURISDICTION AND/OR MANDAMUS AUTHORITY TO ENFORCE FEDERAL LAW WHERE THE STATE LAW IS IN DIRECT CONFLICT WITH APPLICABLE FEDERAL LAWS ESTABLISHED BY THIS COURT**

Firstly, this Court has jurisdiction under 28 USC § 1651 of the All-Writs Act, which provides that: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." It is without question that there is no clearer rule in all appellate jurisdiction than the rule that a lower court must comply with the mandate of a superior court and that the issues decided by the superior court are not subject to relitigation below. This Court governs Florida, Georgia, and Alabama on matters for which this Court has issued *published opinions* on matters of, for example, Florida State laws/cases for which this Court has issued precedents, directives and/or guidance in *binding lower courts* to follow as a matter of law, and that only the *en banc* Court or U.S. Supreme Court may overrule a prior panel decision. *Cargill v. Turpin*, 120 F.3d 1366 (11th Cir. 1997).

A writ of mandamus is warranted where "(1) no other adequate means exist to attain the relief [the party] desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010). Where an issue concern matters

of federal constitutional rights, this Court has jurisdiction to intervene. The law is

clear that:

> "State courts are bound then to give effect to federal law
> when it is applicable and to disregard state law when there
> is a conflict."

*Martin v. Hunter's Lessee*, 14 U.S. (1Wheat.) 304, 335 (1816). Additionally, it is

further clear that the United States Supreme Court has interpreted:

> "[T]he Supremacy Clause to require that a state court,
> when reviewing a prisoner's collateral claims *that are
> controlled by federal law*, "***has a duty*** to grant the relief
> ***that federal law*** requires."" (All emphasis added)

*Montgomery v. Louisiana*, 577 U.S. _____, slip op. at 13, 136 S. Ct. 718, 193 L. Ed.

2d 599 (2016) (quoting *Yates v. Aiken*, 484 U.S. 211, 218 (1988)). If, as here, a

federal constitutional right exists, that right supersedes any contrary provisions of

state law. See also, Art. VI, cl. 2, ("This Constitution, and the laws of the United

States which shall be made in Pursuance thereof ... shall be the supreme Law of the

Land; and the Judges in every State shall be bound thereby, any Thing in the

Constitution or Laws of any State to the Contrary notwithstanding").

Moreover, the law makes clear that:

> "State courts have both the power ***and the duty*** *to enforce
> obligations arising under federal law*, unless Congress
> gives the federal courts exclusive jurisdiction." (<u>All
> emphasis added</u>).

(*Montgomery v. Louisiana,* supra).

1.    **NO OTHER ADEQUATE MEANS EXIST
TO ATTAIN THE DESIRED RELIEF**

In this Mandamus, Mr. Pernell, a Florida State prisoner, after petitioning the lower court to correct his illegal sentence, *which was dismissed **without a ruling on the merits** based on the lower court's prior order which prohibited Petitioner from filing any more motions*, has been, and continues to be, "barred from the lower courts from filing '*any*' motions or pleadings *unless done so by an attorney licensed to practice law in the State of Florida*." There are **no other avenues of relief** as Mr. Pernell has exhausted all available state remedies, in that Mr. Pernell has been "***threatened***" by Florida Department of Corrections Officials ("FDOC"), **per the lower court's directive/order** to said officials, **to be placed in [punitive] or solitary confinement, as punishment** "if [he] file *any more or any other petitions or documents* **in the [Eleventh Judicial Circuit] Court**, seeking to challenge his imprisonment."

Petitioner was informed by Officials of the FDOC that the directive ***came from the Circuit Court*** informing them, the Warden of the Institution, to "place [Petitioner] *in confinement* if [he] file another motion in [the] Court. Mr. Pernell, nonetheless, filed this Mandamus **because of fear** of filing any other pleadings **in the lower courts**, who would place him in confinement [indefinitely] as punishment for filing further pleadings in that lower court. Therefore, Petitioner has no other avenues to obtain relief, i.e., to have his 3.800(a) motion addressed on the merits

without having to hire an attorney to represent him rather than filing pro se. This is in align with this Court's ruling/decision in *Procup*, infra.

## 2. PETITIONER'S RIGHT TO ISSUANCE OF THE WRIT IS CLEAR AND INDISPUTABLE

Petitioner filed the instant Mandamus petition to this Court, petitioning this Honorable Court to direct the Clerk of Court and/or the Circuit Court Judge(s) that imposed, and/or enforced the sanctions, to VACATE the Order imposing said sanctions and to *address the merits* of Petitioner's Motion to Correct Illegal Sentences on the grounds that this Court has *long ago* declared the actions of the lower Florida state courts, on this *precise action/sanction* involved herein, to be "UNCONSTITUTIONAL" even with the provision that would allow filings through a licensed attorney. *Procup v. Strickland*, 792 So. 2d 1069, 1071 (11th Cir. 1986).

This Court **vacated** the lower state court's injunction or sanctions, prohibiting the defendant from filing motions or pleadings, and suggested that *other measures be taken* to safeguard the defendant's *constitutional right to access to the courts*. This Court stated that:

> "*Procup* can be *severely* restricted as to *what* he may file and *how* he must behave in his applications for judicial relief. He just ***cannot be completely foreclosed from any access to the court*.**" (All emphasis added)

7

(Id., at 1074). Of those means and methods, this Court stated and suggested, in complying with the constitutional right to access to the courts while protecting the courts from abusive frivolous fliers, that:

> "In devising methods to attain the objective of curtailing the activity of such a prisoner, however, courts must observe the fine line between legitimate restraints and an impermissible restriction on a prisoner's constitutional right to access to the courts."

(Id., at 1072). There, this Court stated:

> "Various courts have employed and approved a variety of injunctive devices enjoin[ing] prisoner litigant[s] from relitigating specific claims or claims arising from the same set of factual circumstances ...require[] litigants to accompany all future pleadings with *affidavits certifying that the claims being raised are novel, subject to contempt for false swearing* ...[or] direct[] the litigant to attach to future complaints *a list of all cases previously filed involving the same, similar, or related cause of action*, and to send an extra copy *to seek leave of court before filing pleadings in any new or pending lawsuit.*" (Citations omitted)

For these reasons, Petitioner's right to issuance of the writ, to compel the lower court to comply with the federal law, is clear and indisputable. ("State courts are bound then to give effect to federal law when it is applicable and to disregard state law when there is a conflict)." *Martin v. Hunter's Lessee*, 14 U.S. (1Wheat.) 304, 335 (1816).

### 3. THE WRIT IS PROPER UNDER THE CIRCUMSTANCES

The law of the case doctrine, self-imposed by the courts, operates to create efficiency, finality and obedience *within the judicial system.* An appellate decision binds all subsequent proceedings in the same case, *here under the same tri-state directives based on precedent,* not only as to explicit rulings but by necessary implication on the prior appeal. *United States v. White,* 846 F.2d 678 (11th Cir. 1988).

The writ is proper in this situation because the lower court has *defied* the directives of this Court as announced in *Procup,* supra, and because it is this Court's decision that declared *unconstitutional,* the actions, as here, of the lower courts, who are under the supervision and/or jurisdiction of the Eleventh Circuit. Therefore, only this Court can *enforce* its ruling/directives where a lower court, under its jurisdiction and authority, has refused to comply with a statewide ruling binding "*all*" inferior courts under said jurisdiction. Otherwise, *Petitioner will be compelled to serve a sentence that has long ago expired,* as a matter of law, without any other and further recourse.

This Court "has a well-settled mandate rule obligating [lower] courts under its jurisdiction to adhere closely to the dictates of [its] opinions. This rule derives from the law of the case doctrine, and simply means that a [lower] court is not free to deviate from the appellate court's mandate." *United States v. Mesa,* 247 F.3d 1165, 1170 (11th Cir. 2001); and *Pelletier v. Zweifel,* 987 F.2d 716, 718 (11th Cir.

1993). This Court should exercise its discretion to compel the lower court to comply with the dictates of *Procup*, supra, as the lower court has applied an *unconstitutional law* to Petitioner. The United States Supreme Court has held, in relevant part, that:

> "An unconstitutional law [as in *Procup, supra*] is void, and is as no law. A [provision] created by it, is not [lawful] … and cannot be a legal cause [for enforcement]."

*Fay v. Noia*, 372 U.S. 391, 408, 9 L. Ed. 2d 837, 851, 83 S. Ct. 822 (1963). This Court, in essence, *repealed* the lower court's "impermissible barring" of state prisoners' right to access to the courts. (See *Procup*, supra).

## CONCLUSION

WHEREFORE, based on all of the foregoing, Mr. Pernell respectfully petitions this Honorable Court for entry of an Order granting the mandamus.

Respectfully submitted,

Curtis Pernell—*Pro se*
DC#188755
Everglades Corr. Institution
1599 SW 187th Avenue
Miami, Florida, 33193

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Rehearing by Three Panel Judge was served on the Lower Trial Court Judge, c/o: Dade County Clerk of Court, at 1351 NW 12th Street, Miami, Florida, 33125, and on the Office of the Dade County Attorney General this 26th day of _May_, 2022 by First

Class U.S. Mail at the following addresses: 1 S.E. 3rd Avenue, Suite 900, Miami,

Florida, 33131.

_Curtis Pernell_

Curtis Pernell—*Pro se*
DC#188755
Everglades Corr. Institution
1599 SW 187th Avenue
Miami, Florida, 33193

# APPENDIX  A

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 22-10653-G

_____

In re: CURTIS PERNELL,

                                              Petitioner.

_____

On Petition for Writ of Mandamus

_____

ORDER:

Curtis Pernell, a Florida prisoner proceeding *pro se*, has filed a petition for writ of mandamus, arising from his state criminal proceedings in Florida. Pernell also moves this Court for leave to proceed *in forma pauperis* ("IFP") as to his mandamus petition. Pernell requests that this Court direct the state court to vacate an order imposing filing sanctions, accept his filings, and address the merits of his claims to correct his sentence.

Pernell seeks to file this mandamus petition IFP pursuant to 28 U.S.C. § 1915(a). Section 1915(a) provides that a United States court may authorize the commencement of any proceeding, without prepayment of fees, by a person who submits an affidavit that includes a statement of assets that he possesses and indicates that he is unable to pay such fees. This Court, however, may dismiss an action at any time if it determines that the allegation of poverty is untrue or the action or appeal is frivolous. 28 U.S.C. § 1915(e)(2). Assuming, without deciding, that Pernell has satisfied § 1915(a)'s poverty requirement, his mandamus petition is nevertheless frivolous, and so his IFP motion is due to be denied.

*Exhibit – A*

Mandamus is available only in drastic situations, when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion. *United States v. Shalhoub*, 855 F.3d 1255, 1259, 1263 (11th Cir. 2017); *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1004 (11th Cir. 1997). Mandamus may not be used as a substitute for appeal or to control decisions of the district court in discretionary matters. *Jackson*, 130 F.3d at 1004. The petitioner has the burden of showing that he has no other avenue of relief, and that his right to relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). A writ of mandamus may issue only "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Shalhoub*, 855 F.3d at 1263 (quotation marks omitted).

Section 2254 of Title 28 of the U.S. Code provides the remedy for a state prisoner who claims that he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Here, Pernell's claim for mandamus relief is frivolous. To the extent that he asks this Court to order the state court to vacate its order imposing filing sanctions, accept his filings and address, the merits of his claims, Pernell's request is not cognizable in mandamus because this Court may only compel a lower federal court to exercise its authority, and it does not have authority in mandamus to order a state court to act. *See Shalhoub*, 855 F.3d at 1263. In any case, Pernell also has the adequate alternative remedy of challenging the constitutionality of his state sentence by filing a 28 U.S.C. § 2254 habeas corpus petition, subject to all the requirements for filing such a petition. *See Shalhoub*, 855 F.3d at 1259; *Jackson*, 130 F.3d at 1004; 28 U.S.C. § 2254(a).



Exhibit – A

Accordingly, Pernell's IFP motion is **DENIED,** as his mandamus petition is frivolous.

/s/ Barbara Lagoa
UNITED STATES CIRCUIT JUDGE

Exhibit - A

3

# APPENDIX B

1 cc Def
1 cc SAO

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

STATE OF FLORIDA,



Case No. F95-25330, F95-25394, F95-25964,
F95-25396, F95-25854, F95-26071,
F95-26072, F95-26071, F95-26072,
F95-26073, F95-26809, F95-27940,
F95-28010, F95-28011, F95-28012,
F96-1766, F96-1767, & F96-2447

v.

Section No. 10
Judge TINKLER MENDEZ

CURTIS KENDALL PERNELL,
        Defendant
_____/

## ORDER: CONTEMPT AND DIRECTIONS TO THE CLERK OF THE ELEVENTH JUDICIAL CIRCUIT COURT REGARDING PRO SE PLEADINGS

THIS CAUSE came on to be heard upon the Defendant's successive motion to correct an illegal sentence. The State filed a response and requested this Court issue a rule to show why the Court should not find the Defendant has abused the judicial process such that he should be prohibited from filing any further pleadings unless they are filed on his behalf by a licensed attorney. This Court has denied the Defendant's motion to Court an Illegal Sentence in a separate order, and has reviewed the Defendant's Reply to the State's request for a Rule to Show Cause. As of today's date, the Defendant has failed to show cause, and therefore this Court issues a contempt order. The record is clear this Defendant has continuously filed pleadings without regard for the law. These acts demonstrate a complete disregard for the judicial process, and warrant sanction. In response to the Court's Order to Show Cause, the Defendant has failed to submit a proper response with sufficient cause. Accordingly, this Court hereby enters this order and directs the Clerk of Court of the Eleventh Judicial Circuit not accept any pleading regarding this defendant unless it is signed by an attorney licensed to practice law in the State of Florida.

CIRCUIT JUDGE

I CERTIFY that a copy of this order has been mailed to the MOVANT, Curtis K. Pernell, by mail this 21ᵗ day of December, 20 16.

cc: Pernell K. Curtis DC#188755 E1-115
    Graceville C.F. 5168 Ezell Road
    Graceville, Florida 32440

    Daisy Hernandez, Assistant State Attorney

1

Bk 30332 Pg 1153 CFN 20160696097 12/06/2016 09:17:16 Pg 1 of 1 Mia-Dade Cty, FL

Exhibit - B

Mr. Curtis Pernell
DC# 188755
Everglades Correctional Institution
1599 S.W. 187th Avenue
Miami, Florida
33193



U.S. POSTAGE PAID
FCM LG ENV
DANIA, FL
33004
MAY 26, 22
AMOUNT
$1.76
1020    30303    R2304H109675-03

Legal Mail

CLERK OF COURT
United States Court of Appeals
For Eleventh Circuit
56 Forsyth Street, N.W
Atlanta, Georgia
30303

CLEARED SECURITY

MAY 31 2022

U.S. MARSHALS SERVICE
Atlanta, Georgia